Ricardo J. Bonilla (*pro hac vice* application to be filed)
rbonilla@fr.com
Ashu Balimba (*pro hac vice* application to be filed)
balimba@fr.com
FISH & RICHARDON P.C.
1717 Main Street, Suite 5000
Dallas, TX  75201
Telephone: (214) 747-5070
Facsimile:  (214) 747-2091

Adam J. Kessel (*pro hac vice* application to be filed)
kessel@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210
Telephone: (617) 542-5070
Facsimile:  (617) 542-8906

Michael R. Headley (SBN 220834)
headley@fr.com
Jeanel N. Sunga (SBN 333815)
sunga@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 400
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile:  (650) 839-5071

Attorneys for Plaintiffs
BYTEDANCE INC. and TIKTOK INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYTEDANCE INC. AND TIKTOK INC.,<br><br>Plaintiffs,<br><br>v.<br><br>ADVANCED CODING TECHNOLOGIES LLC, ANJAY TECHNOLOGY PARTNERS LLC, ANJAY VENTURE PARTNERS LLC, and DEEPAK SHARMA,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NOS. 8,615,154; 9,313,244; and 9,445,041**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs ByteDance Inc. ("BDI") and TikTok Inc. ("TTI") (collectively, "Plaintiffs") hereby allege for their Complaint against Defendants Advanced Coding Technologies LLC ("ACT"), Anjay Technology Partners LLC ("ATP"), Anjay Venture Partners LLC ("AVP"), and Deepak Sharma (collectively, the "Defendants"), as follows:

**NATURE OF ACTION**

1. This is an action for a declaratory judgment of non-infringement of U.S. Patent Nos. 8,615,154 ("the '154 patent," attached as Exhibit A), 9,313,244 ("the '244 patent," attached as Exhibit B), and 9,445,041 ("the '041 patent," attached as Exhibit C) (collectively, "Patents-in-Suit"). Plaintiffs seek a declaratory judgment that they do not infringe any claim of the '154, '244, and '041 patents.

2. Plaintiff TikTok Inc.'s mission is to inspire creativity and provide entertainment. Plaintiff TikTok Inc. pursues that mission by providing TikTok, a mobile software application that millions of Americans, including many in this judicial district, use to create and share short videos composed of expressive content. People come to TikTok every month to be entertained as they learn, laugh, or discover something new. Plaintiffs bring together an immensely diverse community of families, small businesses, and creators who transform into our favorite stars. TikTok has become a beloved part of life for people around the world because of the creativity and authenticity of its users and creators. TikTok allows its community of creators to reach millions of people, across generations, to communicate, teach and learn about virtually any topic, from music, food, beauty, and fashion to art, causes, and everything in between. TikTok provides a platform for the creators who inspire, the artists who launch chart-breaking albums, the brands who help our users discover and connect with products they love, the communities who lift our users up, and all the people who keep our users laughing and dancing. Plaintiffs continuously innovate TikTok to meet the needs of the TikTok community. Specifically, the features identified by ACT as allegedly infringing were independently developed using technologies that are not patented by ACT.

3. Defendants ACT, ATP, and AVP, and their principal, Deepak Sharma, have alleged that Plaintiffs' related companies, ByteDance Ltd. ("BDL"), ByteDance Pte. Ltd. ("BDPL"), and

TikTok Pte. Ltd. ("TTPL") infringe the '154 patent, the '244 patent, and the '041 patent. Plaintiffs disagree.

4. Specifically, on April 29, 2022, ACT filed a lawsuit against BDL in the Eastern District of Texas (Case 2:22-cv-00129-JRG) ("the Texas Litigation"), alleging that BDL "has infringed the Patents-in-Suit by making, using, selling, offering to sell, and/or importing the TikTok App." Case No. 2:22-cv-00129-JRG, Dkt. 1, ¶ 19. After BDL explained that it was not a proper party to the Texas Litigation and moved to dismiss on that basis, ACT subsequently amended its Complaint to add Singapore-based BDPL and TTPL to the lawsuit and to accuse all three entities of patent infringement. *Id.*, Dkt. 21 ("Amended Complaint"). ACT did not, however, name TTI or BDI as defendants in its Amended Complaint.

5. Notwithstanding ACT's allegations in the Texas Litigation, the Texas Litigation has the wrong parties and is in the wrong forum. BDL is an equity holding company based outside of the United States. Further, BDL has no employees or facilities in the Eastern District of Texas. ACT further alleged infringement by BDPL and TTPL, which are two Singapore entities, one of which (TTPL) supports versions of the TikTok application distributed outside of the United States. These two entities are also the wrong parties for a U.S. patent litigation case and also have no employees or facilities in the Eastern District of Texas. Similarly, BDI and TTI have no employees or facilities in the Eastern District of Texas. Thus, venue is not proper in the Eastern District of Texas for an infringement suit against BDL, BDPL, and TTPL (which are simply the wrong parties for such a suit), or against TTI or BDI under the Supreme Court's decision in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514 (2017). Plaintiffs thus bring the instant action in a proper forum—in the state where the relevant parties are based, and in the judicial district where a substantial part of the events or omissions giving rise to ACT's alleged infringement claims have occurred and continue to occur.

6. TTI is the company based in the United States responsible for providing the TikTok application in the U.S., and BDI supports the TikTok application. ACT's actions and allegations have created a real and immediate controversy between ACT and Plaintiffs as to whether the TikTok

3

COMPLAINT FOR DECLARATORY JUDGMENT OF
NON-INFRINGEMENT
Case No              .

application infringes any claim of the Patents-in-Suit. ACT's lawsuit and statements that "making" and "using" the TikTok application, among other acts, infringes the Patents-in-Suit demonstrate that it is highly likely that ACT will ultimately assert infringement against BDI and TTI because BDI and TTI are the entities that actually perform the acts that ACT alleges are infringing. In the meantime, the cloud of ACT allegations, including that making and using the TikTok application infringes the Patents-in-Suit, hangs over Plaintiffs.

7. On information and belief, the real parties-in-interest behind ACT's allegations are ATP, AVP, and, ultimately, Deepak Sharma. ACT is a shell entity, a limited liability company formed in Texas for purposes of trying to establish venue in the federal courts of Texas, specifically the Eastern District of Texas. On information and belief, ACT has no operations relevant to the Patents-in-Suit other than asserting them in litigation.

8. ACT's managing member is Anjay Technology Partners LLC ("ATP"), ATP's principal is Anjay Venture Partners LLC ("AVP"), and both ATP's and AVP's managing principal is Deepak Sharma. On information and belief, ACT, ATP, and AVP are the alter ego of Deepak Sharma, and all actions taken by ACT, ATP, or AVP are at the direction of Deepak Sharma. On information and belief, ATP is also a shell Texas entity formed for purposes of litigation, as it has no operations aside from being the managing member of ACT, and its lone purported place of business is a mailbox in the Eastern District of Texas. On information and belief, AVP and Deepak Sharma share the same address, which is a residence in Cupertino, CA.

9. ACT (and thus ATP, AVP, and Deepak Sharma) have alleged that the "Accused Product" in the Texas Litigation is the "mobile application[] for capturing and viewing videos, including Defendants' TikTok application ('Accused Product' or 'TikTok App')." Amended Complaint, ¶ 20. ACT (and thus ATP, AVP, and Deepak Sharma) have alleged that "making, using, selling, offering to sell, and/or importing the TikTok App" constitutes patent infringement and allegedly violates 35 U.S.C. § 271. Amended Complaint, ¶¶ 21; *see also Id.*, ¶¶ 24, 38, and 54. ACT (and thus ATP, AVP, and Deepak Sharma) have also alleged that the provision of "TikTok app user guides, documentation and instructional videos . . . instruct end users how to use the Accused

Product" and indirectly infringes the Patents-in-Suit. Amended Complaint, ¶¶ 25, 39, and 55. ACT (and thus ATP, AVP, and Deepak Sharma) have alleged that the TikTok application infringes at least claim 4 of the '154 patent, at least claim 6 of the '244 patent, and at least claim 6 of the '041 patent. Amended Complaint, ¶¶ 33, 49, and 62.

10. As set forth herein, the TikTok application does not practice the claims of the Patents-in-Suit and Plaintiffs and their customers therefore do not infringe the Patents-in-Suit. Thus, an actual and justiciable controversy exists between the parties as to whether Plaintiffs' TikTok application infringes any claim of the Patents-in-Suit. A judicial declaration is necessary to resolve the real, immediate, and justiciable controversy concerning these issues and to determine the respective rights of the parties regarding the Patents-in-Suit. Plaintiffs respectfully seek a judicial determination that the Patents-in-Suit are not directly or indirectly infringed by Plaintiffs by any action taken in connection with the TikTok application.

## PARTIES

11. Plaintiff BDI is a Delaware corporation having its principal place of business at 250 Bryant Street, Mountain View, California, 94041.

12. Plaintiff TTI is a California corporation having its principal place of business at 5800 Bristol Parkway, Culver City, California, 90230.

13. On information and belief, and based on its allegations in the Texas Litigation, Defendant Advanced Coding Technologies LLC is a Texas corporation having its principal place of business at 104 E. Houston Street, Suite 140, Marshall, Texas, 75670. Its registered agent is Uddin Rafi, located at 1400 Preston Rd, Ste 400, Plano, TX 75093.

14. On information and belief, and based on its allegations in the Texas Litigation, ACT is the named owner of the Patents-in-Suit.

15. On information and belief, ACT's managing member is Anjay Technology Partners LLC ("ATP"). On information and belief, Anjay Technology Partners LLC is a Texas limited liability company having a principal place of business at 104 E Houston St, Ste 180, Marshall, TX 75670.

16. On information and belief, ATP's principal is Anjay Venture Partners LLC ("AVP"). On information and belief, Anjay Venture Partners LLC is a California limited liability company having a principal place of business at 22836 Poplar Grove Square, Cupertino, CA 95014.

17. On information and belief, Deepak Sharma is an individual residing at 22836 Poplar Grove Square, Cupertino, CA 95014.

18. On information and belief, Deepak Sharma is the sole officer and director of ATP.

19. On information and belief, Deepak Sharma is the sole manager and the CEO of AVP.

## JURISDICTION AND VENUE

### Subject Matter Jurisdiction

20. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§2201-2202, and under the Patent Laws of the United States, 35 U.S.C. §§1 *et seq.*

21. This Court has subject matter jurisdiction over the claims alleged in this action because this Court has jurisdiction over declaratory judgment claims arising under the Patent Laws pursuant to 28 U.S.C. §§1331, 1338, 2201, and 2202.

22. This Court can provide the relief sought in this Declaratory Judgment Complaint because an actual case and controversy exists between the parties within the scope of this Court's jurisdiction pursuant to 28 U.S.C. § 2201, at least because Defendants, through ACT, accused the TikTok application of practicing claims of the Patents-in-Suit.

23. Plaintiff TTI is responsible for providing the TikTok application in the US that ACT alleges infringes. ACT's allegations cast a cloud over TTI's and BDI's business, causing uncertainty for TTI and BDI regarding the ongoing "making" (or provision or use) of the TikTok application.

24. Defendants, through ACT, have maintained this charge of infringement despite the fact that the TikTok application (and use thereof) does not infringe, and has not infringed, any claim of the '154, '244, and '041 patents. ACT's allegations and actions have created a real, live, immediate, and justiciable case or controversy between Defendants and Plaintiffs.

Personal Jurisdiction

25. This Court has personal jurisdiction over Defendants. ACT's managing member is ATP, ATP's principal is AVP, and AVP's founder and CEO is Deepak Sharma, who, according to his LinkedIn profile and ACT's allegations in the Texas Litigation, is based in Cupertino, CA. Deepak Sharma is also the sole officer and member of ATP.

26. In addition, AVP's web site states AVP is "located in Cupertino, California." (http://www.anjayventurepartners.com/).

27. The Defendants, through ACT, have purposefully directed their activities to this District and engaged in numerous specific contacts within this District, including by having the management and organization of ACT conducted in this District and by soliciting investment and receiving funding from persons in this District.

Venue

28. Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim presented in this Complaint occurred in this district (28 U.S.C. §1391(b)(2)). For example, Plaintiffs make and use the TikTok application in this district. Venue is also proper in this district because ACT is run and organized by managing entities located in this district.

29. In addition, the TikTok application is distributed to users in the United States through Apple's App Store, Google Play, and Microsoft's app store. Apple's App Store and Google Play are run by companies with principal places of business in California and more specifically in this judicial district. Apple's principal place of business is in Cupertino, California, and Google's principal place of business is in Mountain View, California.

**CLAIM FOR RELIEF**

**FIRST CLAIM FOR RELIEF –
Declaratory Judgment of Noninfringement of the '154 patent**

30. Plaintiffs incorporate the allegations set forth in paragraphs 1-29 as though fully set forth herein.

31. Plaintiffs have not infringed, induced others to infringe, or contributed to the infringement by others, of any claim of the '154 patent. Nor do any end-users of TikTok infringe any such claim.

32. By way of example, Plaintiffs do not infringe, induce others to infringe, or contribute to any infringement by others of, claims 4-7 of the '154 Patent, at least because Plaintiffs and the TikTok application do not perform the method steps of "outputting sound based on audio data with a time stamp," "including a time stamp that is different from the time stamp of the audio data into the encoded video data," and "outputting sound in synchronization of the time stamp of the audio data with the time stamp of the video data." Nor do any end-users of Plaintiffs' TikTok application perform these steps.

33. As a result of the acts described in the foregoing paragraphs, there exists a definite and concrete, real and substantial, justiciable controversy between Defendants and Plaintiffs regarding the noninfringement of the '154 patent, particularly with respect to the TikTok application. This controversy is of sufficient immediacy and reality to warrant issuance of a Declaratory Judgment.

**SECOND CLAIM FOR RELIEF –**
**Declaratory Judgment of Noninfringement of the '244 patent**

34. Plaintiffs incorporate the allegations set forth in paragraphs 1-29 as though fully set forth herein.

35. Plaintiffs have not infringed, induced others to infringe, or contributed to infringement by others of, any claim of the '244 patent. Nor do any end-users of the TikTok application infringe any such claim.

36. By way of example, Plaintiffs do not infringe, induce others to infringe, or contribute to any infringement by others of, claims 1-3 of the '244 Patent, at least because the TikTok application does not have circuitry that "determines advance acquisition amounts in a plurality of contents to be reproduced after the content being reproduced according to a production order" and that "acquires a part of the plurality of contents in advance based on the determined advance

acquisition amounts, and reproduces the acquired contents," and that further "redetermines advance acquisition amounts in the plurality of contents so as to increase the advance acquisition amounts in the plurality of contents, and sequentially acquires another part of the plurality of contents in advance based on the redetermined advance acquisition amounts." Nor do any end-users of Plaintiffs' TikTok application use such circuitry as claimed.

37. By way of further example, Plaintiffs do not infringe, induce others to infringe, or contribute to any infringement by others of, claim 6 of the '244 Patent, at least because Plaintiffs and the TikTok application do not perform the method steps of "determining advance acquisition amounts in a plurality of contents to be reproduced after the content being reproduced according to a reproduction order," "acquiring a part of the plurality of contents in advance based on the determined advance acquisition amounts," and "redetermining advance acquisition amounts in the plurality of contents so as to increase the advance acquisition amounts in the plurality of contents after acquiring the part of the plurality of contents in advance based on the determined advance acquisition amounts," and "sequentially acquiring another part of the plurality of contents in advance based on the redetermined advance acquisition amounts." Nor do any end-users of Plaintiffs' TikTok application perform these steps.

38. By way of further example, Plaintiffs do not infringe, induce others to infringe, or contribute to any infringement by others of claim 7 of the '244 Patent, at least because Plaintiffs do not provide, and the TikTok application does not contain, a program causing a computer to execute the steps of "determining advance acquisition amounts in a plurality of contents to be reproduced after the content being reproduced according to a reproduction order," "acquiring a part of the plurality of contents in advance based on the determined advance acquisition amounts," and "redetermining advance acquisition amounts in the plurality of contents so as to increase the advance acquisition amounts in the plurality of contents after acquiring the part of the plurality of contents in advance based on the determined advance acquisition amounts," and "sequentially acquiring another part of the plurality of contents in advance based on the redetermined advance acquisition

1  amounts." Nor do any end-users of Plaintiffs' TikTok application cause a computer to perform these
2  steps.

3      39.    As a result of the acts described in the foregoing paragraphs, there exists a definite and concrete, real and substantial, justiciable controversy between Defendants and Plaintiffs regarding the noninfringement of the '244 patent, in particular with respect to Plaintiffs' TikTok application. This controversy is of sufficient immediacy and reality to warrant issuance of a Declaratory Judgment.

### THIRD CLAIM FOR RELIEF –
### Declaratory Judgment of Noninfringement of the '041 patent

40. Plaintiffs incorporate the allegations set forth in paragraphs 1-29 as though fully set forth herein.

41. Plaintiffs have not infringed, induced others to infringe, or contributed to infringement by others of, any claim of the '041 patent. Nor do any end-users of Plaintiffs' TikTok application infringe any such claim.

42. By way of example, Plaintiffs do not infringe, induce others to infringe, or contribute to any infringement by others of, claims 1, 2, 4, or 5 of the '041 patent, at least because Plaintiffs do not provide, and the TikTok application do not contain, an apparatus comprising a "moving image data input unit," an "input frame rate specification unit," an "output frame rate specification unit," a "playback speed specification unit," and a "frame rate conversion unit," and a "moving image data output unit," wherein the "frame rate conversion unit" changes the "frame rate of the second moving image data based on the second frame rate, the output frame rate, and the playback speed," and wherein the "moving image data output unit outputs the first and second moving image data whose frame rates have been converted by the frame rate conversion unit." Nor do any end-users of Plaintiffs' TikTok application use the claimed apparatus.

43. By way of further example, Plaintiffs' products do not infringe, induce others to infringe, or contribute to any infringement by others of, claim 6 of the '041 patent, at least because Plaintiffs and their TikTok application do not perform the method steps of "specifying the first frame

rate of the first moving image data and the second frame rate of the second moving image data," "specifying output frame rate of the first moving image data and output frame rate of the second moving image data that have been input," "specifying a same playback speed for the first moving image data and the second moving image data," "changing a frame rate of the first moving image data based on the first frame rate, the output frame rate, and the playback speed and changing the frame rate of the second moving image data based on the second frame rate, the output frame rate, and the playback speed," and "outputting the first and second moving image data whose frame rates have been changed." Nor do any end-users of Plaintiffs' TikTok application perform these steps.

44. As a result of the acts described in the foregoing paragraphs, there exists a definite and concrete, real and substantial, justiciable controversy between Defendants and Plaintiffs regarding the noninfringement of the '041 patent, including with respect to Plaintiffs' TikTok application. This controversy is of sufficient immediacy and reality to warrant issuance of a Declaratory Judgment.

### DEMAND FOR JURY TRIAL

45. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a trial by jury on all issues triable to a jury.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request the Court to enter judgment in their favor against Defendants:

A. For judgment that Plaintiffs, Plaintiffs' products, and users of Plaintiffs' TikTok application do not infringe and have not infringed under 35 U.S.C. § 271 (or any subsection thereof) any claim of the '154, '244, and '041 patents, either literally or under the doctrine of equivalents, and that none of them are liable for damages or injunctive relief based on any claim of the '154, '244, and '041 patents;

B. That the case be found exceptional under 35 U.S.C. § 285 and that Plaintiffs be awarded their reasonable attorneys' fees incurred in connection with this action;

1      C. For costs and expenses in this action; and

2      D. For such other and further relief as the Court deems just and proper.

3  Dated: March 24, 2023          FISH & RICHARDSON P.C.

By: */s/ Michael R. Headley*
     Michael R. Headley

Attorneys for Plaintiffs
BYTEDANCE INC. AND TIKTOK INC.