Alfred R. Fabricant
ffabricant@fabricantllp.com
Peter Lambrianakos
plambrianakos@fabricantllp.com
Vincent J. Rubino, III
vrubino@fabricantllp.com
Joseph M. Mercadante
jmercadante@fabricantllp.com
**FABRICANT LLP**
411 Theodore Fremd Avenue, Suite 206 South
Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

Benjamin T. Wang
bwang@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-9226

Attorneys for Defendants
*Advanced Coding Technologies LLC,*
*Anjay Technology Partners LLC,*
*Anjay Venture Partners LLC, and*
*Deepak Sharma*

RUSS AUGUST & KABAT

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| BYTEDANCE INC. AND TIKTOK INC., | Case No. 4:23-cv-01412-HSG |
| *Plaintiffs*, | **DEFENDANTS' MOTION TO DISMISS COMPLAINT FOR DECLARATORY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| v. | |
| ADVANCED CODING TECHNOLOGIES LLC, ANJAY TECHNOLOGY PARTNERS LLC, ANJAY VENTURE PARTNERS LLC, AND DEEPAK SHARMA, | Hearing Date: July 27, 2023
Time: 2:00 PM
Location: Courtroom 2
Hon. Haywood S. Gilliam, Jr. |
| *Defendants*. | |

# TABLE OF CONTENTS

Page(s)

I.   PRELIMINARY STATEMENT ................................................................................ 1

II.  FACTUAL BACKGROUND ................................................................................... 3

  A.   The Parties ..................................................................................................... 3

  B.   Eastern District of Texas Action .................................................................. 6

  C.   The Instant Declaratory Judgment Action ................................................... 6

III. LEGAL STANDARDS ........................................................................................... 7

  A.   Subject Matter Jurisdiction .......................................................................... 7

  B.   Personal Jurisdiction ..................................................................................... 8

  C.   Failure to State a Claim ................................................................................ 9

  D.   First-to-File Rule ......................................................................................... 11

IV. ARGUMENT .......................................................................................................... 12

  E.   The Complaint Should Be Dismissed Because Plaintiffs Cannot Establish
       Subject Matter Jurisdiction ......................................................................... 12

    1.   There Is No Case or Controversy Because Anjay Tech, Anjay
         Venture, and Mr. Sharma Have No Legal Rights to the Patents-in-
         Suit ...................................................................................................... 12

    2.   There Is No Case or Controversy Because No Defendant Has Taken
         Any Affirmative Steps to Enforce Patent Rights Against Plaintiffs ........... 13

  F.   Personal Jurisdiction ................................................................................... 15

    1.   General Jurisdiction Does Not Exist Over ACT and Anjay Tech
         Because ACT and Anjay Tech Are Not "At Home" in California ............. 15

    2.   Specific Jurisdiction Does Not Exist Over ACT and Anjay Tech in
         California .............................................................................................. 17

    3.   Exercising Personal Jurisdiction over ACT and Anjay Tech Would
         Not Comport with Fair Play and Substantial Justice ................................. 19

  G.   Defendants Are Not Alter Egos .................................................................. 19

  H.   Failure to State a Claim .............................................................................. 21

  I.   This Action Should Be Dismissed Under the First-to-File Rule .............................. 22

RUSS AUGUST & KABAT

1.      The First-to-File Rule Applies ..................................................... 22

2.      There Is No Exception to the First-to-File Rule ......................................... 23

V.      CONCLUSION ............................................................................................ 24

RUSS AUGUST & KABAT

ii

RUSS AUGUST & KABAT

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Adobe Sys. Inc. v. Tejas Rsch., LLC.*,
5      No. C-14-0868 EMC, 2014 WL 4651654 (N.D. Cal. Sept. 17, 2014) ................................... 18

6
*Aero Prods. Int'l, Inc. v. Intex Recreation Corp.*,
7      466 F.3d 1000 (Fed. Cir. 2006) ........................................................................................ 13

8
*AFTG-TG, LLC v. Nuvoton Tech. Corp.*,
      689 F.3d 1358 (Fed. Cir. 2012) ........................................................................................ 18
9
*Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*,
10      551 F.2d 784 (9th Cir. 1977) .............................................................................................. 9

11
*Apple Inc. v. Allan & Assocs. Ltd.*,
12      445 F. Supp. 3d 42 (N.D. Cal. 2020) ............................................................................ 20, 21

13
*Arris Grp., Inc. v. British Telecomms. PLC*,
      639 F.3d 1368 (Fed. Cir. 2011) .......................................................................................... 7
14
*Ashcroft v. Iqbal*,
15      556 U.S. 662 (2009) ............................................................................................ 3, 9, 10

16
*ASUSTeK Comput. Inc. v. Round Rock Rsch., LLC*,
17      No. C-11-6636-CW, 2012 WL 2055026 (N.D. Cal. June 5, 2012) ................................. 11, 12

18
*AU Optronics Corp. Am. v. Vista Peak Ventures, LLC*,
      No. 18-CV-04638-HSG, 2019 WL 690282 (N.D. Cal. Feb. 19, 2019) ................................. 17
19
*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*,
20      566 F.3d 1012 (Fed. Cir. 2009) ....................................................................................... 8, 17

21
*Avocent Huntsville Corp. v. Aten Int'l Co.*,
22      552 F.3d 1324 (Fed. Cir. 2008) ................................................................................ 8, 9, 17, 19

23
*Balistreri v. Pacifica Police Dep't.*,
      901 F.2d 696 (9th Cir. 1988) .............................................................................................. 9
24
*Bell Atl. Corp. v. Twombly*,
25      550 U.S. 544 (2007) ........................................................................................... 3, 9, 10

26
*Benitec Australia, Ltd v. Nucleonics, Inc.*,
      495 F.3d 1340 (Fed. Cir. 2007) .......................................................................................... 7
27

28

iii

RUSS AUGUST & KABAT

*In re Bill of Lading*,
   681 F.3d at 1336 .......................................................................................................... 10

*BMC Software Belgium, N.V. v. Marchand*,
   83 S.W.3d 789 (Tex. 2002) ......................................................................................... 20

*Comcast Cable Commc'ns, LLC v. OpenTV, Inc.*,
   319 F.R.D. 269 (N.D. Cal. 2017) ........................................................................... 10, 21

*Comm Vault Sys., Inc. v. PB & J Software, LLC*,
   No. C13–1332 MMC, 2013 WL 3242251 (N.D. Cal. June 25, 2013) ................................... 19

*Conservation Force v. Salazar*,
   646 F.3d 1240 (9th Cir. 2011) ...................................................................................... 9

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014) ................................................................................................... 15

*Daniels-Hall v. Nat'l Educ. Ass'n*,
   629 F.3d 992 (9th Cir. 2010) ........................................................................................ 9

*Data Disc, Inc. v. Sys. Tech. Assocs. Inc.*,
   557 F.2d 1280 (9th Cir. 1977) ...................................................................................... 9

*Deerpoint Grp., Inc. v. Acqua Concepts, Inc.*,
   No. 1:14-cv-01503-SAB, 2014 WL 7178210 (E.D. Cal. Dec. 16, 2014) .............................. 10

*DEPCOM Power, Inc. v. CSUN Solar, Inc.*,
   No. 18-CV-00729-JST, 2020 WL 5176193 (N.D. Cal. July 30, 2020) .................................. 21

*e.Digit. Corp. v. iBaby Labs, Inc.*,
   No. 15-cv-05790- JST, 2016 WL 4427209 (N.D. Cal. Aug. 22, 2016) ................................. 10

*Elecs. For Imaging, Inc. v. Coyle*,
   340 F.3d 1344 (Fed. Cir. 2003), *cert. denied*, 540 U.S. 1111 (2004) ............................. 9, 11

*Fina Rsch., S.A. v. Baroid Ltd.*,
   141 F.3d 1479 (Fed. Cir. 1998) .................................................................................... 12

*Futurewei Techs., Inc. v. Acacia Rsch. Corp.*,
   737 F.3d 704 (Fed. Cir. 2013) ................................................................................. 11, 22

*Futurewei Techs., Inc. v. Acacia Rsch. Corp.*,
   No. 12-cv-0511, 2012 WL 12905300 (C.D. Cal. Oct. 22, 2012), *aff'd*, 737 F.3d
   704 (Fed. Cir. 2013) ................................................................................................... 22

*In re Gilead Scis. Sec. Litig.*,
   536 F.3d 1049 (9th Cir. 2008) ....................................................................................... 9

iv

RUSS AUGUST & KABAT

*Goodyear Dunlop Tires Operations., S.A. v. Brown*,
   564 U.S. 915 (2011) ........................................................................................... 8, 15

*Helicopteros Nacionales de Colombia S.A. v. Hall*,
   466 U.S. 408 (1984) ................................................................................................ 16

*Hewlett Packard Co. v. Acceleron LLC*,
   587 F.3d 1358 (Fed. Cir. 2009) ............................................................................... 7

*Int'l Med. Prosthetics Research Assocs., Inc. v. Gore Enter. Holdings, Inc*.,
   787 F.2d 572 (Fed. Cir. 1986) ............................................................................... 15

*Interactive Fitness Holdings, LLC, v. Icon Health & Fitness, Inc.*,
   No. 10-CV-04628-LHK, 2011 WL 1302633 (N.D. Cal. Apr. 5, 2011) ................... 22

*Juniper Networks, Inc. v. SSL Servs., LLC*,
   2009 WL 3837266 (N.D. Cal. 2009), *aff'd*, 404 Fed. Appx. 499 (Fed. Cir. 2011) ............... 18

*Katzir's Floor & Home Design*,
   394 F.3d at 1149 ............................................................................................. 17, 20

*Kyocera Int'l, Inc. v. Semcon IP, Inc.*,
   No. 3:18-CV-1575-CAB-MDD, 2018 WL 5112056 (S.D. Cal. Oct. 19, 2018) .................... 17

*MedImmune, Inc. v. Genentech, Inc*.,
   549 U.S. 118 (2007) ............................................................................................ 7, 14

*Newmatic Sound Sys., Inc. v. Magnacoustics, Inc*.,
   No. C 10-00129 JSW, 2010 WL 1691862 (N.D. Cal. Apr. 23, 2010) ..................... 15

*Nuance Comms., Inc. v. Abbyy Software House*,
   626 F.3d 1222 (Fed. Cir. 2010) ............................................................................... 8

*P.I.C. Int'l Inc. v. Miflex 2 SpA*,
   No. 3:17-CV-556-CAB-WVG, 2017 WL 3583122 (S.D. Cal. Aug. 17, 2017) ...................... 8

*Pacesetter Sys., Inc. v. Medtronic, Inc.*,
   678 F.2d 93 (9th Cir. 1982) ............................................................................. 11, 23

*PageMelding, Inc. v. ESPN, Inc*.,
   No. C 11-06263 WHA, 2012 WL 3877686 (N.D. Cal. Sept. 6, 2012) ................... 10

*Perkins v. Benguet Consol. Mining Co.*,
   342 U.S. 437 (1952) ............................................................................................... 16

*Pizana v. SanMedica Int'l LLC*,
   No. 118-CV-00644-DAD-SKO, 2022 WL 1241098 (E.D. Cal. Apr. 27, 2022)................... 20

*Prasco, LLC v. Medicis Pharm. Corp*.,
   537 F.3d 1329 (Fed. Cir. 2008) ............................................................................. 13

*RAH Color Techs. LLC v. Ricoh USA Inc.*,
   194 F. Supp. 3d 346 (E.D. Pa. 2016)..................................................................10

*Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*,
   148 F.3d 1355 (Fed. Cir. 1998) ........................................................................19

*Regents of the Univ. of Cal. v. Eli Lilly & Co.*,
   119 F.3d 1559 (Fed. Cir. 1997) ........................................................................23

*Ruckus Wireless, Inc. v. Harris Corp.*,
   No. 11-cv-01994-LHK, 2012 WL 588792 (N.D. Cal. Feb. 22, 2012) .................11

*SanDisk Corp. v. STMicroelectronics, Inc.*,
   480 F.3d 1372 (Fed. Cir. 2007) ..........................................................................7

*Scripps Rsch. Inst. v. Illumina, Inc.*,
   No. 16-cv-661 JLS-BGS, 2016 WL 6834024, at *6 (S.D. Cal. Nov. 21, 2016)....................10

*Sierra Wireless, Inc. v. MSTG, Inc.*,
   No. 11 C 1031, 2011 WL 761487 (N.D. Ill. Feb. 24, 2011) ...........................14, 15

*SMIC, Ams. v. Innovative Foundry Techs. LLC*,
   473 F. Supp. 3d 1021 (N.D. Cal. 2020)......................................................11, 22, 23

*Spine Sols., Inc. v. Medtronic Sofamor Danek USA, Inc.*,
   620 F.3d 1305 (Fed. Cir. 2010) ........................................................................12

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir. 2001) ..............................................................................9

*Tannerite Sports, LLC v. Jerent Enters.*,
   LLC, No. 6:15-cv-00180-AA, 2016 WL 1737740 (D. Or. May 2, 2016) ............10

*The Beer Barrel, LLC v. Deep Wood Brew Prods., LLC*,
   No. 2:16-cv-00440-DN-BCW, 2016 WL 5936874 (D. Utah Oct. 12, 2016)..........10

*TikTok Inc., et al., v. Donald J. Trump, et al.*,
   Case No. 2:20-cv-7672 (C.D. Cal. Aug. 24, 2020) ............................................5, 6

*TSMC Tech., Inc. v. Zond, LLC*,
   No. 14-721-LPS-CJB, 2015 WL 661364 (D. Del. Feb. 13, 2015).......................10

*Walden v. Fiore*,
   571 U.S. 277 (2014) ........................................................................................17

*Ward v. Follett Corp.*,
   158 F.R.D. 645 (N.D. Cal. 1994) ......................................................................11

*WiAV Sols. LLC v. Motorola, Inc.*,
   631 F.3d 1257 (Fed. Cir. 2010) ........................................................................12

RUSS AUGUST & KABAT

vi

*Williams v. Yamaha Motor Co.*,
    851 F.3d 1015 (9th Cir. 2017) ............................................................................ 20

*Xilinx, Inc. v. Invention Inv. Fund I LP*,
    No. C 11-0671 SI, 2011 WL 3206686 (N.D. Cal. July 27, 2011) ........................... 8

*Z-Line Designs, Inc. v. Bell'o Int'l LLC*,
    218 F.R.D. 663 (N.D. Cal. 2003) ........................................................................ 22

**Statutes**

28 U.S.C. § 1404(a) ..................................................................................................... 12

35 U.S.C. §§ 100, 281 ................................................................................................... 12

Cal. Civ. Pro. Code § 410.10 ......................................................................................... 8

**Other Authorities**

Fed. R. Civ. P. 12(b)(1) .................................................................................................. 1

Fed. R. Civ. P. 12(b)(2) .............................................................................................. 2, 8

Fed. R. Civ. P. 12(b)(6) .............................................................................................. 3, 9

RUSS AUGUST & KABAT

vii

DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(B)(6), Case No. 4:23-cv-01412-HSG

**STATEMENT OF THE ISSUES TO BE DECIDED**

At issue here are: (1) whether this Court lacks subject matter jurisdiction over this action; (2) whether this Court lacks personal jurisdiction over Anjay Technology Partners LLC and Deepak Sharma; (3) whether this action should be dismissed for failure to state a claim; and (4) whether this action should be transferred to the Eastern District of Texas under the first-to-file rule; or, in the alternative, (5) whether this action should be temporarily stayed pending ByteDance Ltd., ByteDance Pte. Ltd., and TikTok Pte. Ltd.'s Motions to Dismiss in the Eastern District of Texas.

**I.       PRELIMINARY STATEMENT**

This declaratory judgment action should be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction because there is no case or controversy between any of the Defendants, Advanced Coding Technologies LLC ("ACT"), Anjay Technology Partners LLC ("Anjay Tech"), Anjay Venture Partners LLC ("Anjay Venture"), and Deepak Sharma ("Mr. Sharma") (collectively, "Defendants"), and Plaintiffs ByteDance Inc. and TikTok Inc. (collectively, "ByteDance" or "Plaintiffs").

Plaintiffs improperly attempt to join three parties that do not own the Patents-in-Suit into a case regarding patent infringement in an attempt to manufacture jurisdiction in this Court. In actions seeking a declaration of non-infringement of a patent, the plaintiff can only sue a party that can affirmatively sue for patent infringement, namely, the patent owner or its exclusive licensees. The Complaint in this action does not allege any facts (nor can it) that Anjay Tech, Anjay Venture, or Mr. Sharma are the owners or exclusive licensees of the Patents-in-Suit. That Mr. Sharma is the CEO of Anjay Venture, Anjay Venture is a principal of Anjay Tech, and Anjay Tech is a managing member of ACT are all irrelevant because these entities do not own ACT's assets.

ACT, a Texas LLC which is the owner of the Patents-in-Suit, has never filed suit or threatened to file suit against Plaintiffs, nor has it engaged in any conduct which gave rise to an immediate and concrete controversy between ACT and Plaintiffs. ACT filed suit in its home venue, the Eastern District of Texas, against Plaintiffs' parent company, ByteDance Ltd. ("BDL"), and the Singapore-based subsidiaries responsible for distribution of the TikTok app, ByteDance Pte. Ltd.

RUSS AUGUST & KABAT

RUSS AUGUST & KABAT

("BPL"), and TikTok Pte. Ltd. ("TPL"). ACT's allegations in that action are directed at BDL, BPL, and TPL, not the Plaintiffs in the instant action.  ACT has never threatened suit against Plaintiffs, nor has it ever expressed intent to enforce its patents against Plaintiffs.  ACT has never engaged in any conduct which gave rise to an immediate and concrete controversy between Plaintiffs and ACT supporting subject matter jurisdiction.

Because neither Anjay Tech, Anjay Venture, nor Mr. Sharma are the owners or exclusive licensees of the Patents-in-Suit, there is no subject matter jurisdiction for this action against them. Because ACT, the owner of the Patents-in-Suit, has never asserted or threatened to assert any patent against Plaintiffs, subject matter jurisdiction does not exist with respect to ACT.  Accordingly, this action should be dismissed in its entirety for lack of subject matter jurisdiction.

The instant declaratory judgment action should also be dismissed with respect to ACT and Anjay Tech under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction because ACT and Anjay Tech have no ties to, or presence in, this forum.  ACT's patent enforcement efforts in *Texas* against Plaintiffs' parent company are the bases for this declaratory judgment action.  ACT has never targeted its patent enforcement efforts at California residents, engaged in judicial patent enforcement in this District, or availed itself of California courts.  The Complaint fails to allege that ACT and Anjay Tech have contacts with California.

Plaintiffs continue to illude the Court with false narrative of personal jurisdiction.  Before even alleging any sort of alter ego position, Plaintiffs first state that ACT, Anjay Tech, Anjay Venture, and Mr. Sharma alleged patent infringement against BDL, BPL, and TPL.  This is factually incorrect.  ACT is and has always been the *only* party that alleged infringement of the Patents-in-Suit against BDL, BPL, and TPL.

Recognizing that they have no jurisdiction over the patent owner in this Court, Plaintiffs rely on an alter ego theory in order to impute various California contacts to the patent owner.  But Plaintiffs have not pled the required elements of alter ego law, nor can they.  According to California law, the alter ego doctrine requires a unity of interests *and* an inequitable result.  Mere common ownership of companies is insufficient to prove unity of interests, yet Plaintiffs have alleged just

2

that.  California contacts of Mr. Sharma and Anjay Venture cannot be imputed to ACT or Anjay Tech because Plaintiffs have not alleged inequitable, fraudulent, or unjust result by ACT or Anjay Tech against ByteDance.  A case for an alter ego theory is implausible based on Plaintiffs allegations and facts.  The Court should reject Plaintiffs' attempt to pierce the corporate veil.

This action should also be dismissed under Federal Rule of Civil Procedure 12(b)(6) because Plaintiffs have wholly failed to provide any factual basis for their claims of non-infringement. ByteDance's Complaint includes ***no*** factual support.  The Complaint merely alleges that Plaintiffs do not infringe certain exemplary claims because various limitations are not met.  Plaintiffs fail to explain how or why these limitation are not met.  Plaintiffs' allegations fail to meet the standards for sufficiently pleading a claim set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

If this action is not dismissed, it should be either stayed or transferred to the Eastern District of Texas under the first-to-file rule because this action was filed eleven months after ACT filed its complaint in the Eastern District of Texas involving identical patents, identical accused products, identical issues, and nearly identical parties.  This action is nothing more than another attempt by BDL to litigate the Texas action in its preferred venue of California.  Plaintiffs' allegations that "the Texas Litigation has the wrong parties and is in the wrong forum," while incorrect, are issues that are currently being decided by the Court in the first-filed action in Texas.  The Texas Court has heard BDL, BPL, and TPL's motions to transfer and motions to dismiss on April 27, 2023.  Rather than join the first filed case in Texas, a State in which Plaintiffs have an office and run operations from, Plaintiffs chose to waste Court and party resources by filing an unnecessary and duplicative suit in another venue.

## II.    FACTUAL BACKGROUND

### A.    The Parties

ACT is the sole owner of all right, title, and interest in and to U.S. Patent Nos. 8,615,154 (the "'154 Patent"), 9,313,244 (the "'244 Patent"), and 9,445,041 (the "'041 Patent") (collectively, the "Patents-in-Suit").  Ex. 3, ¶ 14. The Patents-in-Suit generally cover systems and methods for

RUSS AUGUST & KABAT

capturing and processing video and audio, and reproducing content, including video content.  The Patents-in-Suit were invented by JVC Kenwood Corporation.  *Id.*, ¶¶ 17-19.

ACT is a Texas LLC, with its principal place of business located in Marshall, Texas.  Ex. 1, Declaration of Deepak Sharma ("Sharma Decl."), ¶ 5.  ACT was formed on February 15, 2022.  *Id.* ACT currently has one employee that works in the Marshall, Texas office.  *Id.*, ¶ 8.  ACT purchased the Patents-in-Suit directly from JVCKenwood Corporation, a Japanese corporation with its principal place of business in Japan.  *Id.*, ¶ 13.  ACT actively and independently researches and develops technology in the field of video processing, video encoding and decoding, and signal processing in the Eastern District of Texas.  *Id.*, ¶ 9.  ACT's day-to-day business is not controlled by any other entity.  *Id.*, ¶ 10.  ACT is managed by Mr. Sharma, who works remotely from his home in Cupertino, CA.  *Id.*, ¶ 4.  ACT is not registered to conduct business in California.  *Id.*, ¶ 14.  ACT has no offices, property, bank accounts, or other assets in California and has never paid taxes in California.  *Id.*, ¶¶ 14, 15.  ACT does not manufacture or sell products in California; does not solicit or engage in business in California; has not signed contracts in California; does not recruit employees in California; and does not own, lease, or rent any property in California.  *Id.*, ¶¶ 14, 15, 18.  ACT has never filed suit in California.  *Id.*, ¶ 17.  ACT has never solicited investments or received funding from persons in California.  *Id.*, ¶ 18.  In short, ACT has no presence in California whatsoever.  ACT has only filed suit in its home court in the Eastern District of Texas.  *Id.*, ¶ 17.  ACT manages and controls its business and litigation activities independently of Anjay Venture, Anjay Tech, and Mr. Sharma.  *Id.*, ¶ 10.  ACT's documents are located at its office in Marshall, Texas, and ACT has its own document management system separate from Anjay Venture, Anjay Tech, and Mr. Sharma .  *Id.*, ¶ 16.  ACT does not share an office with Anjay Venture, Anjay Tech, or Mr. Sharma.  *Id.*, ¶¶ 14, 16.  ACT also has its own bank account separate from Anjay Venture, Anjay Tech, and Mr. Sharma. *Id.*, ¶ 11.

Mr. Sharma is the remote Managing Director of ACT, the Chief Executive Officer of Anjay Venture, and the Managing Director of Anjay Tech.  *Id.*, ¶ 4.  Mr. Sharma resides in Cupertino, California.  *Id.*  Mr. Sharma does not own, license, or have the right to license the Patents-in-Suit

RUSS AUGUST & KABAT

individually.  Mr. Sharma has never filed a patent litigation in California or anywhere else.  *Id.*, ¶ 22.  Mr. Sharma is not a party to the E.D. Tex. Action nor has ever been involved in the E.D. Tex. Action outside of his role as Managing Director of ACT.  *Id.*, ¶¶ 23, 24.  Mr. Sharma has his own bank account.  *Id.*, ¶ 11.

Anjay Tech is a Texas LLC, with its principal place of business located in Marshall, Texas.  *Id.*, ¶ 6.  Anjay Tech does not share an office with any other defendant in this action.  *Id.*,  Anjay Tech has never solicited investments, received funding from persons, or filed any patent litigation in California related to the ACT case or its Patents-in-Suit.  *Id.*, ¶¶ 20, 22.  Anjay Tech does not own, license, or have the right to license the Patents-in-Suit.  *Id.*, ¶ 21.  Anjay Tech is not a party to the E.D. Tex. Action nor has ever been involved in the E.D. Tex. Action.  *Id.*, ¶¶ 23, 24.  Anjay Tech has its own bank account.  *Id.*, ¶ 11.

Anjay Venture is a California LLC, with its principal place of business in Cupertino.  *Id.*, ¶ 7.  Anjay Venture is an IP management consulting company that works with a wide range of businesses from start-ups to Fortune 500 companies.  Anjay Venture's consulting areas include IP strategy, IP creation, IP management, and IP valuation.  *Id.*, ¶ 19.  Anjay Venture does not own, license, or have the right to license the Patents-in-Suit.  *Id.*, ¶ 21.  Anjay Venture is not in the business of asserting patents and has never filed any patent litigations in California or anywhere else.  *Id.*, ¶ 22.  Anjay Venture is not a party to the E.D. Tex. Action nor has ever been involved in the E.D. Tex. Action.  *Id.*, ¶¶ 23, 24.  Anjay Venture has its own bank account. *Id.*, ¶ 11.

BDI is a Delaware corporation having its principal place of business at 250 Bryant Street, Mountain View, California, 94041. Dkt. No. 1, ¶ 11.  Plaintiff TTI is a California corporation having its principal place of business at 5800 Bristol Parkway, Culver City, California, 90230.  *Id.*, ¶ 12.  BDI and TTI are both wholly owned subsidiaries of BDL.  Ex. 5, Redacted Peng Declaration, ¶ 4.  BDL "is a global company incorporated in the Cayman Islands, with offices in the United States, China, Singapore, the United Kingdom, and India, among others."  Ex. 4, Complaint, *TikTok Inc., et al., v. Donald J. Trump, et al.*, Case No. 2:20-cv-7672 (C.D. Cal. Aug. 24, 2020), ¶ 11.  BDL is headquartered in Beijing, China.  BDL "owns and operates . . . TikTok," as well as "other

applications that are available in the United States, such as CapCut, a video editing application, and Lark, a collaboration and communications software product." *Id.*

### B.    Eastern District of Texas Action

On April 29, 2022, ACT filed a complaint against BDL in the Eastern District of Texas (the "E.D. Tex. Action"), alleging infringement of the Patents-in-Suit.  Ex. 2, E.D. Tex. Action Complaint.   On October 14, 2022, ACT amended its complaint ("FAC") and added BDL's Singaporean subsidiaries BPL and TPL, which are responsible for distributing the accused TikTok app through the app stores.  Ex. 3, E.D. Tex.  Action FAC.  In the FAC, ACT alleges that BDL, BPL, and TPL conduct business and have committed acts of patent infringement and/or have induced acts of patent infringement by others.  *Id.*, ¶ 6.  The Plaintiffs in the instant action are not mentioned anywhere in the FAC in the E.D. Tex. Action.  *See id.*  ACT accuses the TikTok app, which is owned and operated by BDL (Ex. 4, ¶ 11), of infringing the Patents-in-Suit.  Ex. 3, ¶¶ 8, 20.

Defendants in the E.D. Tex. Action each currently have pending a Motion to Dismiss and a Motion to Transfer.  A hearing on these motions occurred on April 27, 2023. E.D. Tex.  Action, Dkt. No. 96.

### C.    The Instant Declaratory Judgment Action

On March 24, 2023, BDI and TTI filed its Complaint for Declaratory Judgment against ACT, Anjay Venture, Anjay Tech, and Mr. Sharma in this Court (the "Complaint").  Dkt. No. 1.  The Complaint asserts claims for declaratory judgment of non-infringement as to the Patents-in-Suit. *Id.*, ¶ 1.  The instant declaratory judgment action has complete overlap of Patents-in-Suit and products with the earlier filed E.D. Tex. Action.  This action also has significant overlap of parties with the earlier filed action as Defendant ACT is the sole plaintiff in the E.D. Tex. action.  The Plaintiffs in this declaratory judgment action are subsidiaries of E.D. Tex. Action defendant BDL who, despite filing lawsuits for declaratory judgment in California in the past, is not a party to this case.

## III.      LEGAL STANDARDS

### A.      Subject Matter Jurisdiction

In patent cases, the test for whether declaratory judgment subject matter jurisdiction exists is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc*., 549 U.S. 118, 127 (2007).[1]  "The burden is on the party claiming declaratory judgment jurisdiction to establish that an Article III case or controversy existed at the time the claim for declaratory relief was filed." *Arris Grp., Inc. v. British Telecomms. PLC*, 639 F.3d 1368, 1373 (Fed. Cir. 2011) (citing cases).

The party seeking the declaratory judgment bears the burden of proving facts supporting the court's jurisdiction at the time the complaint was filed and throughout the case.  *Benitec Australia, Ltd v. Nucleonics, Inc*., 495 F.3d 1340, 1344 (Fed. Cir. 2007).  Federal courts have jurisdiction only if the "facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  *MedImmune Inc.*, 549 U.S. at 127.

"In the context of conduct prior to the existence of a license, declaratory judgment jurisdiction generally will not arise merely on the basis that a party learns of the existence of a patent owned by another or even perceives such a patent to pose a risk of infringement, without some *affirmative act by the patentee*."  *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1380-81 (Fed. Cir. 2007) (emphasis added).  The case or controversy requirement can be satisfied by "conduct that can be reasonably inferred as demonstrating intent to enforce a patent. . . ." *Hewlett Packard Co. v. Acceleron LLC*, 587 F.3d 1358, 1363 (Fed. Cir. 2009).  The court must decide whether the facts as pled would establish sufficient affirmative conduct by the patent holder asserting a specific patent against identified ongoing or planned activity of the declaratory judgment plaintiff.  *SanDisk Corp.*, 480 F.3d at 1381.  The question of whether conduct may be reasonably inferred as demonstrating such an intent is objective; the declaratory judgment plaintiff's subjective belief is "irrelevant."  *Hewlett Packard Co.*, 587 F.3d at 1363.

---

[1] All internal citations and quotations of cases cited in this brief are omitted, unless otherwise noted.

## B.   Personal Jurisdiction

Rule 12(b)(2) requires a district court to dismiss an action when the Court lacks personal jurisdiction over a defendant.  In a patent case, such as a declaratory judgment action involving a patent, Federal Circuit law governs the inquiry.  *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1328 (Fed. Cir. 2008).  Where, like here, an action seeks a declaration of non-infringement and invalidity, personal jurisdiction is required "over the owner, assignee, or exclusive licensee of the patent."  *See Xilinx, Inc. v. Invention Inv. Fund I LP*, No. C 11-0671 SI, 2011 WL 3206686, at *4 (N.D. Cal. July 27, 2011).  Personal jurisdiction over a non-resident defendant is proper if permitted by a state's long-arm statute and if the exercise of jurisdiction does not violate federal Due Process.  *P.I.C. Int'l Inc. v. Miflex 2 SpA*, No. 3:17-CV-556-CAB-WVG, 2017 WL 3583122, at *2 (S.D. Cal. Aug. 17, 2017) (citing *Nuance Comms., Inc. v. Abbyy Software House*, 626 F.3d 1222, 1230 (Fed. Cir. 2010)).  "[B]ecause California's long-arm statute is coextensive with the limits of due process, the two inquiries collapse into a single inquiry: whether jurisdiction comports with due process."  *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009); *see also* Cal. Civ. Pro. Code § 410.10.

To satisfy federal Due Process (1) the defendant must have established certain minimum contacts with the forum state; and (2) the exercise of jurisdiction over the defendant must not offend "traditional notions of fair play and substantial justice."  *Goodyear Dunlop Tires Operations., S.A. v. Brown*, 564 U.S. 915, 923 (2011).  Jurisdiction may be either "general or all-purpose jurisdiction," or "specific or case-linked jurisdiction."  *Id.* at 919.  "Specific jurisdiction . . . must be based on activities that arise out of or relate to the cause of action."  *Autogenomics*, 566 F.3d at 1017.  In the context of an action for declaratory judgment of non-infringement, the claim asserted by plaintiff "arises out of or relates to the activities of the defendant patentee in enforcing the patent or patents in suit."  *Avocent*, 552 F.3d at 1332.[2]  "The relevant inquiry for specific personal jurisdiction purposes then becomes to what extent has the defendant patentee 'purposefully directed [such

_____

[2] All emphasis in this brief are added, unless otherwise noted.

RUSS AUGUST & KABAT

enforcement activities] at residents of the forum,' and the extent to which the declaratory judgment claim 'arises out of or relates to those activities.'"  *Id.*

Where, like here, the parties have not conducted discovery and there has been no evidentiary hearing, the plaintiff bears the burden of making a *prima facie* showing that each defendant is subject to personal jurisdiction.  *See Elecs. For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003), *cert. denied*, 540 U.S. 1111 (2004).  The plaintiff cannot "simply rest on the bare allegations of its complaint, but rather [is] obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction."  *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977).  Additionally, the court "may not assume the truth of allegations in a pleading which are contradicted by affidavit."  *Data Disc, Inc. v. Sys. Tech. Assocs. Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977).

### C.    Failure to State a Claim

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 570.  A complaint fails to state a claim when there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988)). Although a court must accept as true all well-pleaded allegations of material fact in the complaint, *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010), it is not required to credit "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)); *Iqbal*, 556 U.S. at 681 (stating that bare assertions that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true").  If the facts alleged do not support a reasonable inference of liability, the claim must be dismissed.  *See id.* at 678-79.

To plead a direct infringement claim that passes muster under *Iqbal* and *Twombly*, a plaintiff must allege facts indicating how the defendant's accused products practice each of the limitations found in at least one asserted claim. *See, e.g.*, *e.Digit. Corp. v. iBaby Labs, Inc*., No. 15-cv-05790-JST, 2016 WL 4427209, at *3-*4 (N.D. Cal. Aug. 22, 2016) (dismissing direct infringement claim where plaintiff failed to allege facts showing that the accused products practiced all limitations of an exemplary asserted claim); *Scripps Rsch. Inst. v. Illumina, Inc*., No. 16-cv-661 JLS-BGS, 2016 WL 6834024, at *6 (S.D. Cal. Nov. 21, 2016) (dismissing infringement claim where allegations did not explain how the accused product met the claim limitations).

A claim for declaratory relief of non-infringement is essentially the "mirror image" of an infringement claim, *Comcast Cable Commc'ns, LLC v. OpenTV, Inc*., 319 F.R.D. 269, 273 (N.D. Cal. 2017), and courts have accordingly held declaratory judgment plaintiffs (and counterclaimants) to the same pleading standard. *See, e.g.*, *id.*; *The Beer Barrel, LLC v. Deep Wood Brew Prods., LLC*, No. 2:16-cv-00440-DN-BCW, 2016 WL 5936874, at *5 (D. Utah Oct. 12, 2016); *Tannerite Sports, LLC v. Jerent Enters.,* LLC, No. 6:15-cv-00180-AA, 2016 WL 1737740, at *5 (D. Or. May 2, 2016); *RAH Color Techs. LLC v. Ricoh USA Inc*., 194 F. Supp. 3d 346, 352 (E.D. Pa. 2016); *Deerpoint Grp., Inc. v. Acqua Concepts, In*c., No. 1:14-cv-01503-SAB, 2014 WL 7178210, at *3-*4 (E.D. Cal. Dec. 16, 2014); *PageMelding, Inc. v. ESPN, Inc*., No. C 11-06263 WHA, 2012 WL 3877686, at *2 (N.D. Cal. Sept. 6, 2012). Thus, to meet the *Iqbal/Twombly* pleading standard, a complaint for declaratory judgment of non-infringement "should include specific factual allegations about how [the plaintiff's] products do not infringe [the defendant's] patents rather than a single conclusory statement that '[the plaintiff's] Products do not and have not infringed on any valid and enforceable claim of Defendants' Patents.'" *The Beer Barrel*, 2016 WL 5936874, at *5.

The *Iqbal/Twombly* standard also applies to claims seeking a declaratory judgment of no indirect infringement, including induced and contributory infringement. *See, e.g.*, *PageMelding*, 2012 WL 3877686, at *2-*3 (citing *In re Bill of Lading*, 681 F.3d at 1336); *TSMC Tech., Inc. v. Zond, LLC*, No. 14-721-LPS-CJB, 2015 WL 661364, at *6 n.11 (D. Del. Feb. 13, 2015).

**D.      First-to-File Rule**

"When two actions that sufficiently overlap are filed in different federal district courts, one for infringement and the other for declaratory relief, the declaratory judgment action, if filed later, generally is to be stayed, dismissed, or transferred to the forum of the infringement action." *Futurewei Techs., Inc. v. Acacia Rsch. Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013).   "There is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982).   This rule "promotes judicial efficiency and prevents the risk of inconsistent decisions that would arise from multiple litigations of identical claims." *Ruckus Wireless, Inc. v. Harris Corp.*, No. 11-cv-01994-LHK, 2012 WL 588792, at *2 (N.D. Cal. Feb. 22, 2012).   In addition to judicial efficiency, the rule helps "prevent[] the risk of inconsistent decisions that would arise from multiple litigations of identical claims." *Id.*   The Federal Circuit has "made clear that the first to file rule applies to patent cases and thus likewise requires deference to the first-filed action 'unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, requires otherwise.'" *Coyle*, 394 F.3d at 1347.

Under the first-to-file doctrine, a district court may "choose to transfer, stay, or dismiss an action where a similar complaint has been filed in another district court." *SMIC, Ams. v. Innovative Foundry Techs. LLC*, 473 F. Supp. 3d 1021, 1024 (N.D. Cal. 2020).   The court must consider three factors in determining whether the rule applies: "(1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues." *Id.*   A court's decision to depart from this general rule must present a "sound reason that would make it unjust or inefficient to continue the first-filed action." *Id.*   "The court with the first-filed action should normally determine whether an exception to the first-to-file rule applies." *ASUSTeK Comput. Inc. v. Round Rock Rsch., LLC*, No. C-11-6636-CW, 2012 WL 2055026, at *3 (N.D. Cal. June 5, 2012).   One exception to the rule may apply when "the balance of convenience weighs in favor of the later-filed action." *Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994).   This inquiry is "analogous to the 'convenience of parties and witnesses' factor considered in a transfer of venue motion pursuant to 28 U.S.C. §

11

RUSS AUGUST & KABAT

1404(a)."  *ASUSTeK,* 2012 WL 2055026, at *3.  Another exception to the first-to-file rule is the customer-suit exception which was "developed in patent cases where the earlier action is against a 'mere customer' and the 'later suit is a declaratory judgment action brought by the manufacturer of the accused devices.'"  *Id.*

## IV.   ARGUMENT

### E.   The Complaint Should Be Dismissed Because Plaintiffs Cannot Establish Subject Matter Jurisdiction

#### 1.   There Is No Case or Controversy Because Anjay Tech, Anjay Venture, and Mr. Sharma Have No Legal Rights to the Patents-in-Suit

The Complaint should be dismissed with respect to Anjay Tech, Anjay Venture, and Mr. Sharma because there is no case or controversy between those entities and Plaintiffs concerning infringement of the Patents-in-Suit.  A proper defendant in a declaratory relief action for non-infringement is a party who has standing to sue as a plaintiff in an infringement action.  *Fina Rsch., S.A. v. Baroid Ltd.*, 141 F.3d 1479, 1481 (Fed. Cir. 1998).  Standing in an action for patent infringement rests with the patent owner or the exclusive licensee.  35 U.S.C. §§ 100, 281; *WiAV Sols. LLC v. Motorola, Inc.*, 631 F.3d 1257, 1264 (Fed. Cir. 2010); *Spine Sols., Inc. v. Medtronic Sofamor Danek USA, Inc.*, 620 F.3d 1305, 1317-18 (Fed. Cir. 2010).  The Complaint does not (and cannot) allege that Anjay Tech, Anjay Venture, and Mr. Sharma own or are the exclusive licensees for the Patents-in-Suit, and therefore, there can be no case or controversy.

Here, ACT is the sole owner of all right, title, and interest in and to the Patents-in-Suit.  *See* Sharma Decl., ¶¶ 3, 21.  The Complaint does not allege otherwise.  Nor does the Complaint allege that any of Anjay Tech, Anjay Venture, or Mr. Sharma has a legal interest in the Patents-in-Suit (such as being ACT's exclusive licensee), providing it with standing to sue Plaintiffs affirmatively for infringement.  "[B]ecause [Anjay Tech, Anjay Venture, and Mr. Sharma] ha[ve] no legal interest in the [Patents-in-Suit] and therefore could not bring suit for patent infringement, there [i]s no actual controversy between [the parties] that would support jurisdiction under the Declaratory Judgment Act."  *Fina Rsch.*, 141 F.3d at 1480-81.

RUSS AUGUST & KABAT

### 2. There Is No Case or Controversy Because No Defendant Has Taken Any Affirmative Steps to Enforce Patent Rights Against Plaintiffs

There is no case or controversy because ACT, Anjay Tech, Anjay Venture, and Mr. Sharma have never taken an affirmative act to enforce any right related to the Patents-in-Suit against Plaintiffs.

Plaintiffs allege that an actual case or controversy exists solely because ACT filed suit against their parent company, BDL, in another District.  Dkt. No. 1, ¶ 22.  Plaintiffs rely wholly on ACT's complaint in the E.D. Tex. Action to support their allegation that this Court has subject matter jurisdiction over this action.  *Id.*, ¶¶ 20-24.  Plaintiffs' allegations do not satisfy the Federal Circuit's "all circumstances" test because ACT's conduct objectively shows that it does not intend to file suit against Plaintiffs, and Plaintiffs' "purely subjective or speculative fear of future harm" does not meet the standard.  *Prasco, LLC v. Medicis Pharm. Corp*., 537 F.3d 1329, 1339 (Fed. Cir. 2008).

ACT filed suit in the Eastern District of Texas against BDL on April 29, 2022.  Ex. 2.  Despite knowing of Plaintiffs and their Austin, Texas place of business, ACT filed suit in its home court in Marshall, Texas against the parent entity, BDL.  Then, Plaintiffs waited eleven months after ACT filed the E.D. Tex. Action to file their Complaint for Declaratory Judgment.  Even though ACT knew of Plaintiffs and their activities, it has never threatened suit or taken steps to sue Plaintiffs, and expressly declined to add Plaintiffs to the E.D. Tex. Action.  There is no case or controversy between ACT and Plaintiffs because each of the Patents-in-Suit are already asserted in the E.D. Tex. Action against Plaintiffs' parent company.  In fact, each of the three claims for declaratory judgment of non-infringement in Plaintiffs' Complaint mirror ACT's claims for infringement in the E.D. Tex. Action, identifying the same accused TikTok application for each of the Patents-in-Suit.

ACT's Complaint does not name BDI or TTI, nor does it imply that ACT will even threaten suit against Plaintiffs.  Once ACT is compensated by BDL, the defendant in the E.D. Tex. Action, ACT cannot recover additional damages from Plaintiffs, which would be impermissible double recovery.  *Aero Prods. Int'l, Inc. v. Intex Recreation Corp*., 466 F.3d 1000, 1020 (Fed. Cir. 2006) ("when the claims arise out of the same set of operative facts, as is the case here, there may be only

13

RUSS AUGUST & KABAT

one recovery").   These circumstances, taken together, establish that there is no "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  *MedImmune Inc.*, 549 U.S. at 127.

The Northern District of Illinois has considered a case with similar facts to those here and found that subject matter jurisdiction was lacking.  In *Sierra Wireless, Inc.*, plaintiffs brought a non-infringement declaratory judgment action after they had been identified as potential infringing defendants in earlier filed and ongoing suits brought by the patentee.  *Sierra Wireless, Inc. v. MSTG, Inc.*, No. 11 C 1031, 2011 WL 761487, at *1 (N.D. Ill. Feb. 24, 2011).  The plaintiff of the earlier filed suits was aware of declaratory judgment plaintiffs and they were referenced "in discovery responses and in Final Infringement Contentions."  *Id.*  However, the court noted that there was no allegation that the declaratory judgment defendant had taken steps to sue plaintiffs in the other patent infringement cases or threatened to immediately bring an action against plaintiffs.  *Id.*  The court held that plaintiffs had not shown an immediate and concrete controversy because the declaratory judgment defendant did not seek to add plaintiff to the earlier-filed suit, "even though [it] appears to be aware of facts connecting Plaintiffs to potential infringing activities."  *Id.*  The court also held that dismissal was appropriate to promote judicial efficiency because the earlier filed cases addressed infringement of the same Patents-in-Suit, stating that "issuing a declaratory judgment on the issues being addressed in those cases would present the possibility of conflicting decisions."  *Id.*

The facts here are similar.   It is publicly known that BDI and TTI are BDL's U.S. subsidiaries.  Ex. 5, ¶ 4.  But ACT has never threatened suit against Plaintiffs or sought to add them to the ongoing, earlier-filed E.D. Tex. Action.   Accordingly, the Court should reach the same conclusion here as the court in *Sierra Wireless, Inc.* because "there is no immediate and concrete dispute to be resolved in the instant action."  2011 WL 761487, at *1.  Moreover, since the E.D. Tex. Action is currently addressing the same Patents-in-Suit against the same products, this action should be dismissed in the interest of judicial efficiency to prevent "the possibility of conflicting decisions."  *Id.*

14

Plaintiffs' affirmative act allegations with respect to Anjay Tech, Anjay Venture, and Mr. Sharma are even more strained, if not non-existent.  The Complaint fails to allege that Anjay Tech, Anjay Venture, or Mr. Sharma took any affirmative steps of their own in an attempt to enforce the Patents-in-Suit against Plaintiffs (or any entity) so as to warrant declaratory relief.  *See* Dkt. No. 1, ¶¶ 22-24.  The Complaint does not even allege that Anjay Tech, Anjay Venture, or Mr. Sharma have ever taken or threatened *any* legal action against Plaintiffs whatsoever.  Instead, the Complaint alleges that a controversy exists because ACT, not Anjay Tech, Anjay Venture, or Mr. Sharma, filed a patent infringement action in Texas.  *Id.*  Anjay Tech, Anjay Venture, and Mr. Sharma were never parties to that litigation or involved in the litigation in any capacity whatsoever.  Sharma Decl., ¶ 21.  Anjay Tech, Anjay Venture, and Mr. Sharma's lack of any affirmative conduct precludes a declaratory judgment claim for non-infringement against them.

Accordingly, this Court does not have subject matter jurisdiction over this case, and it should be dismissed.

### F. Personal Jurisdiction[3]

Plaintiffs have not and cannot present facts to support a *prima facie* case for personal jurisdiction over ACT and Anjay Tech in California.  Even if it could, exercising jurisdiction over ACT and Anjay Tech would not comport with fair play and substantial justice.

#### 1. General Jurisdiction Does Not Exist Over ACT and Anjay Tech Because ACT and Anjay Tech Are Not "At Home" in California

General jurisdiction exists only when the defendant's contacts with the forum are so "continuous and systematic" that the defendant is "essentially at home in the forum state."  *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (citing *Goodyear*, 564 U.S. at 919).  Although there is no

---

[3] Should the Court grant the motion to dismiss for lack of personal jurisdiction over ACT, the case must be dismissed in its entirety as ACT is the sole owner of the Patents-in-Suit and none of the other defendants are exclusive licensees to the Patents-in-Suit.  *Newmatic Sound Sys., Inc. v. Magnacoustics, Inc.*, No. C 10-00129 JSW, 2010 WL 1691862, at *4 (N.D. Cal. Apr. 23, 2010) (dismissing non-infringement declaratory judgment action for lack of subject matter jurisdiction and holding Plaintiff did not have standing because no patent owner or exclusive licensee was a defendant in the action); *Int'l Med. Prosthetics Research Assocs., Inc. v. Gore Enter. Holdings, Inc.*, 787 F.2d 572, 575 (Fed. Cir. 1986) ("[J]urisdiction over [ ] a declaratory judgment action [must have] existed at, and has continued since, the time the complaint was filed.").

concrete test for determining what constitutes systematic and continuous contacts, the Supreme Court has held that the following contacts, taken together, satisfy due process: (1) maintaining an office in the forum state; (2) keeping company files and conducting directors' meetings in that office; (3) carrying on correspondence relating to the business in that office; (4) distributing salary checks drawn on active bank accounts located in the forum state; (5) engaging a bank from the forum state to act as transfer agent; and (6) supervising from the forum state policies dealing with the rehabilitation of the corporation's properties outside the forum state.  *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 438 (1952).  The Supreme Court has also advised that the following factors are relevant to the analysis: (1) having authorization to do business in the forum state; (2) having an agent for service of process within the forum; (3) selling products and soliciting business in the forum; (4) signing contracts in the forum; (5) recruiting employees from the forum state; and (6) owning real or personal property in the forum state.  *See Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 411 (1984).

None of these contacts are present here.  ACT is a Texas corporation with its principal place of business located at 104 E. Houston Street, Marshall, Texas 75670.  Ex. 3, ¶ 1; *accord* Sharma Decl., ¶ 5.  ACT is not registered to conduct business in California; does not have a registered agent for service of process in California; does not have offices, employees, equipment, bank accounts, or other assets in California; is not subject to and has never paid taxes in California; does not manufacture products, sell products or solicit business in California; has not signed any contracts in California; does not recruit employees in California; and does not own, lease or rent any property in California.  Sharma Decl., ¶¶ 8–12, 14–16.  Additionally, ACT has never filed a lawsuit in California, and, with the exception of the present suit, has never been sued in California.  *Id.*, ¶ 17.

Similar to ACT, no factors are present for Anjay Tech.  Anjay Tech is a Texas corporation with its principal place of business located at 104 E. Houston Street, Marshall, Texas 75670.  *Id.*, ¶ 6.  Anjay Tech has never solicited investment in California related to ACT; never received funding from persons in California relative to ACT; and never filed any patent litigation actions in California.  *Id.*, ¶¶ 20, 22.

RUSS AUGUST & KABAT

1    ACT and Anjay Tech are not at home in California, and therefore, general jurisdiction does

2    not exist.

### 2.    Specific Jurisdiction Does Not Exist Over ACT and Anjay Tech in California

"Specific jurisdiction . . . must be based on activities that arise out of or relate to the cause of action." *Autogenomics*, 566 F.3d at 1017.  In the context of an action for declaratory judgment of non-infringement, the claim asserted by plaintiff "arises out of or relates to the activities of the defendant patentee in enforcing the patent or patents in suit." *Avocent*, 552 F.3d at 1332.  "The relevant inquiry for specific personal jurisdiction purposes then becomes to what extent has the defendant patentee 'purposefully directed [such enforcement activities] at residents of the forum,' and the extent to which the declaratory judgment claim 'arises out of or relates to those activities.'" *Id.*

Plaintiffs have not met their burden to show ACT had sufficient contacts with California for the Court to exercise specific jurisdiction.  A "[p]laintiff has the initial burden of proving that [a d]efendant has the requisite minimum contacts with California to justify personal jurisdiction. *AU Optronics Corp. Am. v. Vista Peak Ventures, LLC*, No. 18-CV-04638-HSG, 2019 WL 690282, at *3 (N.D. Cal. Feb. 19, 2019).  Here, and similar to *AU Optronics*, Plaintiffs do not meet their burden. *See id.*  To establish minimum contacts for personal jurisdiction, it is not enough to allege an alter ego by mere membership with other Defendants.  *See Katzir's Floor & Home Design*, 394 F.3d at 1149; *see also* Dkt. No. 1, ¶ 25.  ACT is not controlled by any other entity.  Sharma Decl., ¶ 10.  ACT, Anjay Venture, Anjay Tech, and Mr. Sharma do not share any bank accounts or email accounts.  *Id.*, ¶¶ 11, 12.  ACT is the sole owner of the Patents-in-Suit.  *See id.*, ¶ 3.  Anjay Venture, Anjay Tech, and Mr. Sharma do not own, license, or have the right to license the Patents-in-Suit.  *Id.*, ¶ 21.  As shown, there is no co-mingling of any funds nor assets among Defendants to entertain an alter ego theory.  Plaintiffs cannot rely on Anjay Venture and Mr. Sharma as principals/members of either ACT or Anjay Tech to allege sufficient contacts.  *Kyocera Int'l, Inc. v. Semcon IP, Inc.*, No. 3:18-CV-1575-CAB-MDD, 2018 WL 5112056 (S.D. Cal. Oct. 19, 2018) (citing *Walden v. Fiore*, 571 U.S. 277, 285 (2014)) ("That two of the defendants in the twelve patent infringement

17

RUSS AUGUST & KABAT

17

lawsuits [defendant] filed in Texas happen to have principal places of business in California is insufficient, without more, to satisfy [plaintiff's] obligation to demonstrate that [defendant] purposefully directed its enforcement activities at California."); *see also Adobe Sys. Inc. v. Tejas Rsch., LLC.*, No. C-14-0868 EMC, 2014 WL 4651654, at *5 (N.D. Cal. Sept. 17, 2014) (holding that "the fact that [the defendant] has pursued enforcement actions against California residents in the Eastern District of Texas does not support the exercise of personal jurisdiction of [the defendant] in California").

Contrary to Plaintiffs' allegations, which are supported only by information and belief, Defendants have not purposely directed activities to California through ACT. ACT, Anjay Venture, and Anjay Tech have never solicited investments or received funding from persons in California. Sharma Decl., ¶¶ 18, 20. ACT, Anjay Venture, Anjay Tech, and Mr. Sharma have never filed a lawsuit in California. *Id.*, ¶¶ 17, 22. Defendants cannot direct activities through ACT because "ACT manages and controls its business and litigation activities *independently* of Anjay Venture, Anjay Tech, and/or [Mr. Sharma]." *Id.*, ¶ 10. Even if the Court found some directed activity, filing a lawsuit in Texas against a California resident is not purposeful availment. *Juniper Networks, Inc. v. SSL Servs., LLC*, 2009 WL 3837266, at *4 (N.D. Cal. 2009) (rejecting a "novel argument that the act of filing a [patent infringement] lawsuit against an alleged California resident—in a Texas district court—is sufficient to make a prima facie showing that [the defendant] has purposefully availed itself of the privilege of conducting activities within [California]"), *aff'd*, 404 Fed. Appx. 499 (Fed. Cir. 2011). The lack of purposeful activities is not enough to allege sufficient contacts within California. Plaintiffs' "bare formulaic accusations" that Defendants maintain sufficient contacts with California are inadequate. *AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1365 (Fed. Cir. 2012).

Plaintiffs have not shown ACT and Anjay Tech purposely directed any conduct to meet sufficient contact in California for this Court to have specific jurisdiction over ACT and Anjay Tech.

RUSS AUGUST & KABAT

RUSS AUGUST & KABAT

### 3.   Exercising Personal Jurisdiction over ACT and Anjay Tech Would Not Comport with Fair Play and Substantial Justice

Even if Plaintiffs met their burden of showing ACT and Anjay Tech purposefully directed their activities to residents in this forum, and the claims arise out/relate to those activities, the Court would still lack personal jurisdiction over ACT and Anjay Tech because it would not comport with fair play and substantial justice.  As explained above, ACT and Anjay Tech have not purposefully directed any activities at California that relate to the enforcement or defense of the Patents-in-Suit. Requiring ACT and Anjay Tech to endure the burden of traveling to California to defend against a litigation with duplicative Patents-in-Suit and products to that of the first-filed case proceeding in Texas, where the judge already has extensive knowledge and familiarity with the Patents-in-Suit and the underlying technology, would run afoul to traditional notions of fair play and substantial justice.  Accordingly, the exercise of jurisdiction over ACT and Anjay Tech would be neither reasonable nor fair.  *See Comm Vault Sys., Inc. v. PB & J Software, LLC*, No. C13–1332 MMC, 2013 WL 3242251, at *2 (N.D. Cal. June 25, 2013) ("Grounding personal jurisdiction on [a patent infringement lawsuit filed by the defendant against a forum resident in a different forum] alone would not comport with principles of fairness."); *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1361 (Fed. Cir. 1998) ("Standards of fairness demand that [the defendant] be insulated from personal jurisdiction in a distant foreign forum when its only contacts with that forum were efforts to give proper notice of its patent rights."); *see also Avocent*, 552 F.3d at 1333–34. For the above reasons, Defendants respectfully request that the Court dismiss this action for lack of personal jurisdiction.

### G.   Defendants Are Not Alter Egos

To the extent Plaintiffs attempt to argue that ACT's litigation in the Eastern District of Texas against BDL should be imputed to Mr. Sharma under the alter ego theory,[4] Plaintiffs have wholly failed to plead any sufficient facts in support.  Dkt. No. 1, ¶ 8.  For the Court to apply the alter ego doctrine, a plaintiff must make "a prima facie case that (1) there is such unity of interest and

---

[4] Plaintiffs allege only that on "information and belief, ACT, ATP, and AVP are the alter ego of Deepak Sharma."  Dkt. No. 1, ¶ 8.  Plaintiffs do not allege that ACT is an alter ego of Anjay Tech or Anjay Venture, or vice versa.

ownership that the separate personalities of the corporation and the individuals no longer exist and (2) failure to disregard the corporation would result in fraud or injustice." *Apple Inc. v. Allan & Assocs. Ltd.*, 445 F. Supp. 3d 42, 52 (N.D. Cal. 2020) (citing *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1021 (9th Cir. 2017)).[5]  There are many factors to determine whether unity exists, such as: commingling of funds, identical equitable ownership, the use of the same business location, etc. *Id.*  Here, Plaintiff merely alleges "[o]n information and belief" that ACT, Anjay Tech, and Anjay Venture "are the alter ego of Deepak Sharma, and all actions taken by ACT, ATP, or AVP are at the direction of Deepak Sharma." *Id.*

The issues in this action are similar to *Apple Inc.  See id.* For example, in *Apple Inc.*, plaintiff Apple alleged an alter ego theory against defendants AAL, A2, and Mr. Allan.  *Id.* at 48.  The Court found that no unity of interest existed because, among other things, Apple did not meet its prima facie burden to show unity of interest by merely alleging that Mr. Allan was the founder, sole shareholder, and managing director of both AAL and A2.  *Id.* at 53.  In the present case, Mr. Sharma is either the managing director or CEO of ACT, Anjay Tech, and Anjay Venture.  Sharma Decl., ¶ 4.  For the same reasons, Plaintiffs fail to establish that ACT, Anjay Tech, and Anjay Venture are the alter ego of Mr. Sharma.  *Katzir's Floor & Home Design, Inc. v. M-MLS.com*, 394 F.3d 1143, 1149 (9th Cir. 2004) ("The mere fact of sole ownership and control does not eviscerate the separate corporate identity that is the foundation of corporate law."); *see also Apple*, 445 F. Supp. 3d at 53 (N.D. Cal. 2020) ("[I]t is well established that common ownership alone is insufficient to disregard the corporate form.").  Further, Defendants each have their own separate bank account and email accounts.  Sharma Decl., ¶¶ 11-12.  ACT, Anjay Tech, and Anjay Venture do not share office space. *Id.*, ¶¶ 5-7.  Plaintiffs fail to show any facts that ACT, Anjay Tech, or Anjay Venture are

---

[5] Two of the defendants, ACT and Anjay Tech, are Texas companies.  Under a proper choice of law analysis, governing law is selected based on which entity is alleged to be the fraudulent entity.  *See Pizana v. SanMedica Int'l LLC*, No. 118-CV-00644-DAD-SKO, 2022 WL 1241098, at *13 (E.D. Cal. Apr. 27, 2022) ("California law provides that to determine whether a limited liability company is liable under the alter ego theory, courts apply the substantive law of the state where the limited liability company is formed.").  Regardless of whether California or Texas law applies, Plaintiffs have not properly pled alter ego.  Texas law, like California, requires that the alter ego be used to perpetrate a fraud or injustice. *See BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 798-99 (Tex. 2002).

20

undercapitalized or have co-mingled assets or accounts.  These factors are crucial to show a lack of corporate formalities, which Plaintiffs have not done.  *Apple*, 445 F. Supp. 3d at 53 (N.D. Cal. 2020) ("[N]oticeably missing is any allegation that Defendants failed to respect corporate formalities.").

Even if Plaintiffs have proven a unity of interest, another requirement to allege alter ego liability "is that there must be []an inequitable result if the acts in question are treated as those of the corporation alone," and Plaintiffs have not alleged or shown any inequitable result on the part of Defendants.  *Id.* at 55; *see also DEPCOM Power, Inc. v. CSUN Solar, Inc.*, No. 18-CV-00729-JST, 2020 WL 5176193 (N.D. Cal. July 30, 2020).  Plaintiffs provide no allegation of fraud or injustice if the Court declines to find ACT, Anjay Tech, or Anjay Venture as alter egos of Mr. Sharma; therefore, Plaintiffs have, by default, not met their burden of proving an inequitable result or, in totality, a sufficient alter ego theory.  *See Apple*, 445 F. Supp. 3d 42, 55 (N.D. Cal. 2020) (stating that "[w]ithout an allegation addressing this [inequitable issue], Plaintiff has not met its prima facie burden").  Nor is it possible for Plaintiffs to make such a showing—Plaintiffs merely seek a declaration of non-infringement of three patents.  With no money damages at issue, Plaintiffs cannot show an inequitable result for the purposes of an alter ego analysis in this case.

Accordingly, this Court does not have personal jurisdiction over this case via an insufficient alter ego theory, and it should be dismissed.

### H.     Failure to State a Claim

Plaintiffs' claims for declaratory judgment of non-infringement do not meet the standard under *Iqbal*/*Twombly*.  This Court has specifically held that non-infringement claims, such as Plaintiff's, are insufficient, stating "identify[] (1) the asserted patents, (2) the accused products or services, and (3) at least one limitation not met by said products or services. . . . "  *OpenTV, Inc.*, 319 F.R.D. at 272-73 ("This order disagrees and concludes that, under *Twombly/Iqbal*, the complaint must contain factual allegations sufficient to show how or why a claim limitation is not met.") *Id.* at 273.  Plaintiffs' non-infringement claims merely identify the Patents-in-Suit, identify the accused TikTok app, and allege that one or more claim limitations are not met.  The Complaint fails to state a claim and must be dismissed.

RUSS AUGUST & KABAT

21

## I.      This Action Should Be Dismissed Under the First-to-File Rule

Pursuant to the first-to-file rule, this action should be dismissed because the E.D. Tex. Action was filed nearly eleven months prior to this action and substantially overlaps with this Action.  There is no "sound reason" that proceeding in E.D. Texas would be unjust or inefficient.

### 1.      The First-to-File Rule Applies

The first-to-file rule, which provides for the dismissal of a later-filed action that involves the substantially same issues or subject matter and the substantially same parties as a first-filed action pending in a different district court is "even stronger" where, like here, the second-filed action is for a declaratory judgment.  *Futurewei*, 737 F.3d at 708; *Z-Line Designs, Inc. v. Bell'o Int'l LLC*, 218 F.R.D. 663, 665 (N.D. Cal. 2003) ("[T]he Declaratory Judgment Act is not to be invoked to deprive a plaintiff of his conventional choice of forum.").  As stated earlier, courts consider three factors in determining whether the rule applies: "(1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues."  *SMIC, Ams.*, 473 F. Supp. 3d at 1024.  First, it is undisputed that the E.D. Tex. Action is the first-filed action.  ACT filed the E.D. Tex. Action on April 29, 2022 (*see* Ex. 2), nearly eleven months before Plaintiffs filed their declaratory judgment Complaint in California on March 24, 2023 (Dkt. No. 1).

Second, the parties only need to be similar, not identical.  *Futurewei Techs., Inc. v. Acacia Rsch. Corp.*, No. 12-cv-0511, 2012 WL 12905300, at *4 (C.D. Cal. Oct. 22, 2012), *aff'd*, 737 F.3d 704 (Fed. Cir. 2013) (stating that the first-to-file rule requires "the cases [to] have substantially similar parties, not identical parties").  The parties are similar because the E.D. Tex. Action includes ACT, BDL, BPL, and TPL (*see* Ex. 3), and this action includes ACT, the other improper Defendants, BDI, and TTI.  Dkt. No. 1.  BDI and TTI are subsidiaries of BDL which owns and operates TikTok.  Ex. 3, ¶ 8; Ex. 5, ¶ 4.  The parties in both cases are substantially similar because they are all ByteDance companies and, as discussed below, the concurrent cases involve the same issues.  *See Interactive Fitness Holdings, LLC, v. Icon Health & Fitness, Inc.*, No. 10-CV-04628-LHK, 2011 WL 1302633, at *3 (N.D. Cal. Apr. 5, 2011) (finding parties to be substantially similar for purposes of the first-to-file rule even though they were unrelated companies because the issues in the

DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(B)(6), Case No. 4:23-cv-01412-HSG

RUSS AUGUST & KABAT

concurrent cases were the same).  Because both actions have similar parties, the first-to-file rule should be favored.

Third, the same issues and subject matter are involved in both the E.D. Tex. Action and this Action.  The E.D. Tex. Action alleges that the TikTok application, developed and distributed by BDL, BPL, and TPL, infringes the Patents-in-Suit.  Ex. 3, ¶ 21.  This Action seeks declaratory judgment of non-infringement of those same Patents-in-Suit for the same TikTok application. *Compare* Dkt. No. 1, ¶ 9 *with* Ex. 3, ¶¶ 8, 20, 21.  Thus, a complete overlap of issues and subject matter are present here.

### 2.    There Is No Exception to the First-to-File Rule

A court's decision to depart from this general rule must present a "sound reason that would make it unjust or inefficient to continue the first-filed action." *SMIC, Ams.*, 473 F. Supp. 3d at 1024. Here, there is no "sound reason" to depart from the general rule.  It would not be unjust or inefficient to maintain the E.D. Tex. Action because Plaintiffs' claims for non-infringement as to the Patents-in-Suit are the issues at heart in the first-filed action in Texas.  A proceeding in Texas is *just* because it is the first-filing party's choice of forum and where the Patents-in-Suit were first asserted. *Pacesetter Sys.*, 678 F.2d at 97 (affirming that "[t]he district court properly recognized [the patentee's] interest in choosing a forum"); *see also* Sharma Decl. ¶¶ 5, 17.  ACT is a Texas corporation with its principal place of business in Texas.  *Id.*, ¶ 5.  ACT has only filed suit in the Eastern District of Texas.  *Id.*, ¶ 17.  These factors strongly show that it would be fair to continue the first-filed action in Texas.

Additionally, Plaintiffs' allegations of incorrect parties have already been briefed and heard in the E.D. Tex. Action.  The court in the E.D. Tex. Action already has significant familiarity and proficiency with both the Patents-In-Suit and the related issues which cannot be easily replicated without substantial investment of time, energy, and money.

In the alternative, Defendants respectfully request that the Court stay this action pending resolution of the first-filed E.D. Tex. Action or transfer this action to the Eastern District of Texas. *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997) ("[I]n a case

RUSS AUGUST & KABAT

such as this in which several highly technical factual issues are presented and the other relevant factors are in equipoise, the interest of judicial economy may favor transfer to a court that has become familiar with the issues.").

## V.      CONCLUSION

For the foregoing reasons, Defendants respectfully requests that Defendant's Motion to Dismiss be granted in its entirety.

DATED:  June 2, 2023                                 Respectfully submitted,

                                                     **RUSS AUGUST & KABAT**

                                            By: */s/ Benjamin T. Wang*
                                                 Benjamin T. Wang

                                                     **FABRICANT LLP**
                                                     Alfred R. Fabricant
                                                     ffabricant@fabricantllp.com
                                                     Peter Lambrianakos
                                                     plambrianakos@fabricantllp.com
                                                     Vincent J. Rubino, III
                                                     vrubino@fabricantllp.com
                                                     Joseph M. Mercadante
                                                     jmercadante@fabricantllp.com
                                                     411 Theodore Fremd Avenue, Suite 206 South
                                                     Rye, New York 10580
                                                     Telephone: (212) 257-5797
                                                     Facsimile: (212) 257-5796

                                                     Benjamin T. Wang (CA SBN 228712)
                                                     bwang@raklaw.com
                                                     Minna Y. Chan (CA SBN 305941)
                                                     mchan@raklaw.com
                                                     **RUSS AUGUST & KABAT**
                                                     12424 Wilshire Boulevard, 12th Floor
                                                     Los Angeles, California 90025
                                                     Telephone: (310) 826-7474
                                                     Facsimile: (310) 826-9226

                                                     *Attorneys for Defendants*
                                                     *Advanced Coding Technologies LLC,*
                                                     *Anjay Technology Partners LLC,*
                                                     *Anjay Venture Partners LLC, and*
                                                     *Deepak Sharma*

**CERTIFICATE OF SERVICE**

1

2          I certify that I caused the foregoing document to be electronically filed with the Clerk of the

3   Court for the United States District Court for the Northern District of California using the CM/ECF

4   System on June 2, 2023.

5          I certify that all counsel of record who are deemed to have consented to electronic service

6   are being served on June 2, 2023 with a copy of this document via the Court's CM/ECF systems per

7   Local Rule CV-5(a)(3). Any other counsel will be served by electronic mail, facsimile, overnight

8   delivery and/or First Class Mail on this date.

9

10      DATED:  June 2, 2023

11                                                                  */s/ Benjamin T. Wang*
                                                                    Benjamin T. Wang
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RUSS AUGUST & KABAT